UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMBER JOHNSON,

    Plaintiff,

vs.                                                Case No. 5:11-cv-380-Oc-37TBS

LUXOTTICA RETAIL NORTH
AMERICA, INC., a Foreign Profit
Corporation,

    Defendant.
_____

## ORDER

Before the Court is plaintiff Amber Johnson and defendant Luxottica Retail North America, Inc.'s ("Luxottica") Joint Motion for Approval of Settlement Agreement, and Upon Court Approval, for Dismissal of the Action With Prejudice, filed July 8, 2011. (Doc. 6.)[1] On August 9, 2011, this Court issued an order in which it found several provisions in the settlement agreement to be inappropriate. (Doc. 9.) Because the remainder of the settlement agreement appeared to be reasonable, the Court provided the parties an opportunity to file a revised proposed settlement agreement which did not contain the inappropriate provisions. (Id.) On August 22, 2011, the parties filed a Notice of Filing Revised Settlement Agreement Pursuant to the Court's Order Dated August 9, 2011. (Doc. 12.) On September 26, 2011, the court issued an Order in which it again found

---

[1]The Motion was referred to the undersigned for a Report and Recommendation by Order dated August 2, 2011. (Doc. 8).

several provisions in the revised settlement agreement inappropriate, and once again gave the parties an opportunity to file a revised proposed settlement agreement. (Doc. 13.) On October 4, 2011, the parties filed a second proposed revised settlement agreement (Doc. 14) which is also unacceptable.

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353. Before approving an FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

The parties have submitted a copy of their second revised proposed settlement agreement (Doc. 14-1) and the Court has reviewed it. The undersigned finds several provisions in the second revised settlement agreement inappropriate because they infer a general release of claims by the plaintiff. Although these provisions may not use the term "general release," they nonetheless have the same practical effect as general release provisions. The Court makes clear to the parties that it will not accept provisions in a settlement agreement that release any claims by the plaintiff outside of the claim at

issue.  This Court has determined that such pervasive releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer."  Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010).  As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."  Id. at 1352.

To expedite the process of filing of an acceptable settlement agreement by the parties the Court will note below the areas, at minimum, in the second revised settlement agreement (Doc. 14-1) it finds inappropriate.  The parties should omit this language or qualify the language to make clear that the plaintiff is only releasing Luxottica from the specific claims at issue in this case.

1. Page 1, First Paragraph.  The document is partially titled "Covenant Not to Sue, and General Release of Claims."   This language is inappropriate.

2. Page 1, Last Paragraph, continuing onto Page 2.  This language must be omitted, or must clarify that the plaintiff is only releasing Luxottica from the claims at issue in this case.

3. Page 3, First Paragraph.  Much of this language implies that the plaintiff is releasing Luxottica from future claims (e.g., "she is not entitled to any further monetary consideration whatsoever from Luxottica").

4. Page 3, Second Paragraph, Second Sentence, Continuing onto Page 4 ("Johnson

further agrees to indemnify . . ."). This language implies a general release of future claims and that plaintiff is taking on a new obligation unconnected with her employment.

5. Page 5-6, Section 7 (titled "Assignment of Claims"), second sentence.

6. Page 6, Section 9, Last Sentence. This sentence should clarify that such a release would only be for the claims at issue in this case.

7. Page 8, Section 11(e) suggests a general release.

8. Page 8, Section 11(i). The court finds this language to be confusing and unnecessary.

Because the remainder of the revised settlement agreement appears reasonable, rather than recommend denial of the instant motion outright the Court will provide the parties an opportunity to file anoher revised proposed settlement agreement which does not contain these inappropriate provisions. The parties should file this revised proposed settlement agreement no later than October 15, 2011.

IT IS SO ORDERED.

DONE AND ORDERED at Ocala, Florida on October 6, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record

4