# 3rd REVISED SETTLEMENT AGREEMENT
### (Supersedes both the "Confidential Settlement Agreement, Covenant Not to Sue, and General Release of Claims" and "Revised Settlement Agreement" and "2nd Revised Settlement Agreement")

Amber Johnson (hereinafter referred to as "Johnson") and Luxottica Retail North America Inc. (hereinafter referred to as "Luxottica") (hereinafter collectively referred to as "Parties") hereby enter into this Settlement Agreement (hereinafter referred to as "Settlement Agreement") this _____ day of October, 2011.

WHEREAS, Johnson and Luxottica are presently parties to a lawsuit involving disputed issues of law and fact, such lawsuit now pending before the United States District Court for the Middle District of Florida under Case Number 5:11-cv-380-Oc-37TBS captioned as *Amber Johnson v. Luxottica Retail North America Inc.* (hereinafter referred to as the "Lawsuit"), and containing allegations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); and

WHEREAS, Luxottica denies that it violated the FLSA and denies that it otherwise engaged in any unlawful or wrongful conduct of any kind, and nothing contained herein nor any payment made hereunder shall constitute an admission by Luxottica or any of the "Released Parties" (defined below) of any liability to Johnson or to anyone else in relation to the Lawsuit or an admission of wrongdoing of any kind; and

WHEREAS, the Parties desire to settle, compromise, and resolve the pending Lawsuit between them. In connection with said settlement as set forth herein, the Released Parties shall constitute Luxottica as well as Luxottica's past, present, and future parents, ultimate parents, subsidiaries, affiliated entities, divisions, successors, licensees, predecessors, and assigns, and its and each of their past, present, and future officers, directors, partners, shareholders, employees,



agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns (hereinafter collectively referred to as "Released Parties").

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Payment.

Luxottica agrees to pay Seven Thousand One Hundred Eighty-Five Dollars and Zero Cents ($7,185.00) as follows:

(a) Luxottica will make payment in the amount of $4,000.00 to Amber Johnson as alleged back wages for which an IRS Form W-2 will be issued. Such payment shall be subject to all withholdings and deductions required by applicable law.

(b) Luxottica will make payment in the amount of $3,185.00 in a check payable to Morgan and Morgan, PA, as attorneys' fees (including costs and expenses). Luxottica will issue an IRS Form 1099 to Morgan and Morgan, PA and Johnson representing that said payment was made.

Luxottica agrees that within 15 days of its receipt of the last of the following: (1) the Settlement Agreement executed by Johnson as well as Morgan and Morgan, PA; (2) completed W-9 forms for Johnson and Morgan and Morgan, PA; and (3) a Court order approving the Settlement Agreement and dismissing the Lawsuit with prejudice, it will send the aforementioned payments totaling $7,185.00, less applicable taxes and deductions, (hereinafter referred to as "Payments") to Morgan and Morgan, PA.

Johnson agrees that the Payments shall constitute the entire amount of monetary consideration provided under the Settlement Agreement, and that she is not entitled to any further monetary consideration whatsoever from Luxottica or from any other Released Party in reference to those claims made under the Lawsuit. Johnson acknowledges that the Payments constitute full payment for any damages of any kind for claims made under the Lawsuit, including, but not limited to, back pay, overtime, liquidated damages, and/or attorneys' fees, and acknowledges and agrees that Luxottica and the Released Parties deny that Johnson is entitled to any such damages or that they are liable in any way. Johnson further acknowledges and agrees that during the period of her employment in which she was classified as a non-exempt employee, she accurately reported all compensable working time including any hours she may have worked in excess of forty hours per week, and that in accepting the Payment described above, she has been fully compensated for all hours worked during her employment with Luxottica. Johnson agrees that she will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in the Complaint and/or in the Settlement Agreement from Luxottica or any other Released Party for those claims alleged in the Lawsuit.

Johnson acknowledges and agrees that Luxottica has made no representations to her regarding the tax consequences of any amounts received by her pursuant to the Settlement Agreement. Johnson agrees to pay federal, state, or local taxes, if any, which are required by law to be paid with respect to the settlement and the Payments.

2.  Dismissal of Lawsuit.

The Parties agree that, in further consideration for the promises made in this Settlement Agreement, the dismissal of the Lawsuit with prejudice is a condition precedent to the promises made by Luxottica in this Settlement Agreement. The Parties shall execute and file the stipulation of judgment requesting dismissal with prejudice in which the court shall review the Settlement Agreement and the agreement shall be attached as "Exhibit A" to the Motion for Approval. The parties agree that once this matter is dismissed with prejudice, each side is to bear its own attorney's fees and costs, except as otherwise provided in Section 1 of this agreement.

3. No Other Existing/Outstanding Claims.

Johnson represents that, aside from the Lawsuit, she does not have and has not filed, nor assigned to any other the right to file, any charges, complaints, claims, demands, or lawsuits against any of the Released Parties.

4. Release.

Except for the obligations under this Settlement Agreement, Johnson, on behalf of herself and her past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees and assigns (hereinafter collectively referred to as "Releasors"), does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit the Released Parties from any and all claims, damages, demands, rights and causes of action of any kind that are based upon, relate to, or arise out of or reasonably could have arisen out of the facts, acts, transactions, occurrences, events or omissions alleged in Case Number 5:11-cv-380-Oc-37TBS captioned as *Amber Johnson v.*

*Luxottica Retail North America Inc.* currently pending before the United States District Court for the Middle District of Florida

5. <u>No Admission.</u>

The Parties agree that neither this Settlement Agreement nor anything said in the negotiation hereof shall constitute an admission of liability or acknowledgement of wrongdoing of any kind by Luxottica and/or any of the other Released Parties. Johnson acknowledges that Luxottica on behalf of itself and the Released Parties, has denied and continues to deny all liability in relation to, without limitation, the allegations Johnson has made in connection with the Lawsuit.

6. <u>Authority.</u>

Each Party represents and warrants that: (a) the person executing this Settlement Agreement on its or her behalf retains authority to bind the Party purporting to be bound thereby; (b) each Party has or intends to undertake any and all corporate or other formalities and approvals required to authorize the entry into and performance of this Settlement Agreement; and (c) that the entry into and the performance of this Settlement Agreement is not barred, prohibited or impaired by any law, rule, regulation, contract, judgment, or decree that binds such Party.

7. <u>Assignment of Claims.</u>

Johnson represents and warrants that she owns all of the claims released herein and that she has neither assigned or transferred, nor purported to have assigned or transferred voluntarily, by operation of law, or otherwise, any of the claims released by her herein, in whole or in part.

8. <u>Entire Settlement Agreement.</u>

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding the subject hereof. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications or agreements between the Parties regarding the subject hereof, and no amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by Johnson and an authorized representative of Luxottica. Johnson represents and warrants that she has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by Luxottica or any other Released Parties, except as expressly set forth herein.

9. Severability.

If any term or condition of this Settlement Agreement or the application thereof to any entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other entity or circumstance shall be affected thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law. If the release of those claims made pursuant to the Lawsuit in paragraph 4 of this Settlement Agreement is held to be unenforceable, Johnson agrees to execute a valid full and final release in favor of Luxottica for those claims alleged in the Lawsuit, without the payment of any additional consideration by Luxottica to Johnson.

10. <u>Applicable Law and Forum.</u>

The Settlement Agreement shall be deemed to have been delivered within the State of Florida, and the rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the laws of the State of Florida without regard to principles of conflict of laws.

11. <u>Additional Provisions.</u>

(a) The titles of the sections of this Settlement Agreement are for reference only, and shall not constitute part of this Settlement Agreement for the purpose of its construction or interpretation.

(b) This Settlement Agreement shall bind and inure to the benefit of each of the Parties, and each of their respective successors and assigns, provided, however, that none of the Parties shall be relieved of any obligation under this Settlement Agreement by virtue of any assignment of their rights hereunder, except to the extent that the assignee actually performs the obligations prescribed herein.

(c) The Parties acknowledge and agree that this Settlement Agreement represents the product of an arms-length negotiation between the Parties, that they have each read the terms of this Settlement Agreement, that they fully understand the terms of this Settlement Agreement and that they have voluntarily entered into this Settlement Agreement with full knowledge of the effects hereof.

(d) Johnson acknowledges that the consideration for signing this Settlement Agreement identified in paragraph 1 is a benefit to which she would not otherwise have been entitled under the terms of her employment had she not signed this Settlement Agreement.

(e) Johnson acknowledges that she has carefully read all the terms of this Settlement Agreement, has had an ample and reasonable opportunity to discuss it with her attorney of choice, has been advised to consult with her attorney of choice, has in fact discussed it with her attorney of choice, and signed the same with full knowledge that this Settlement Agreement forever releases Luxottica, the Released Parties, and any related or affiliated persons or entities, from any legal action arising from Johnson's claims as alleged in the Lawsuit. Further, Johnson acknowledges that she has in fact had a reasonable period of time within which to consider this Settlement Agreement.

(f) The Parties shall each be responsible for and bear their own attorneys' fees, expenses, and costs.

(g) This Settlement Agreement may be executed in two or more identical counterparts (including by facsimile or pdf), which, when delivered, shall constitute one and the same instrument and shall be enforceable as if all of the Parties had executed a single document.

(h) The Parties agree that they will not directly or indirectly challenge any paragraph of this Settlement Agreement as invalid or unenforceable and will take no action contrary to any of its provisions other than as ordered by a court of law.

(i) Failure to assert or act upon any breach of this Settlement Agreement shall not constitute a waiver of the right to assert a future breach of the Settlement Agreement or any portion thereof by either of the Parties.

WHEREFORE, the Parties have caused this Settlement Agreement to be executed and delivered as of the date set forth below.

LUXOTTICA RETAIL NORTH
AMERICA INC.

_____
Amber Johnson

By: _____
Title: _____

**10-6-2011**
Date

_____
Date

9

|  | LUXOTTICA RETAIL NORTH AMERICA INC. |
|---|---|
| _____ Amber Johnson | By: _____ Title: 10/6/11 VP HR, SGH NA |
| _____ Date | 10/6/11 _____ Date |